# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDYL WELCH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BRANDON PRICE,[1]<br><br>　　　　Respondent. | Case No. 1:16-cv-01659-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 21) |

## I.

## BACKGROUND

In 2010, Petitioner was civilly committed to the custody of the California Department of State Hospitals ("DSH") pursuant to California's Sexually Violent Predator Act ("SVPA"), Cal. Welf. & Inst. Code §§ 6600 et seq. (LD[2] 4 at 1). On April 3, 2012, the California Court of Appeal, Sixth Appellate District reversed the commitment order and remanded the case for reconsideration of Petitioner's equal protection claim. (LD 1 at 2, 41). On June 27, 2012, the California Supreme Court denied Petitioner's petition for review. (LDs 2, 3). On remand, the Santa Clara County Superior Court again committed Petitioner to the custody of DSH. (LD 4 at

---

[1] Brandon Price is the Executive Director of the California Department of State Hospitals – Coalinga, where Petitioner is currently committed. (ECF No. 21 at 1). Accordingly, Mr. Price is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents lodged by Respondent on April 10, 2017. (ECF No. 22).

1

2). On November 25, 2013, the California Court of Appeal affirmed the order of commitment. (LD 4 at 2, 14). On February 11, 2014, the California Supreme Court denied Petitioner's petition for review. (LDs 5, 6).

Petitioner has filed three state habeas petitions challenging his commitment. On August 24, 2015,[3] Petitioner filed a state habeas petition in the Santa Clara County Superior Court, which denied the petition on October 19, 2015. (LDs 7, 8). On October 27, 2015, Petitioner filed a state habeas petition in the California Court of Appeal, Sixth Appellate District, which denied the petition on February 4, 2016. (LDs 9, 10). On February 9, 2016, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on May 18, 2016. (LDs 11, 12).

In addition to the instant action, Petitioner has filed three federal actions regarding his civil commitment. On November 13, 2014, Petitioner filed a 42 U.S.C. § 1983 civil rights complaint, which was dismissed without prejudice pursuant to Petitioner's notice of voluntary dismissal. Welch v. Allenby, No. 1:15-cv-00121-LJO-MJS (E.D. Cal. May 4, 2015).[4] On February 10, 2015, Petitioner again filed a § 1983 civil rights complaint, which was dismissed with prejudice for failure to state a claim. Welch v. O'Neal, No. 3:15-cv-00725-THE (N.D. Cal. July 28, 2015). On April 12, 2016, Petitioner filed a federal habeas petition, which Petitioner later voluntarily dismissed. Welch v. Brown, No. 1:16-cv-00861-EPG (E.D. Cal. Sept. 9, 2016).

On September 16, 2016, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On October 28, 2016, the matter was transferred to this Court. (ECF No. 7). On April 3, 2017, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 21). Petitioner has not filed any opposition to the motion to dismiss.

///

---

[3] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 21 at 3 n.3).

[4] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (internal quotation marks and citation omitted).

## II.

## DISCUSSION

Petitioner purports to bring this habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 1 at 1).[5] However, as Petitioner is "in custody pursuant to the judgment of a State court," the petition is governed by 28 U.S.C. § 2254. See Duncan v. Walker, 533 U.S. 167, 176 (2001) (noting that a state court order of civil commitment satisfies § 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139–40 (9th Cir. 2005) ("It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement.").

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5] Page numbers refer to the ECF page numbers stamped at the top of the page.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, the judgment became final on May 12, 2014, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, May 13, 2014, and absent tolling, was set to expire on May 12, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, the limitation period expired before Petitioner filed his first state habeas petition on August 24, 2015, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Although Petitioner filed two § 1983 complaints prior to the expiration of the limitation period, those actions do not toll the limitation period. See 28 U.S.C. § 2244(d)(2). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that

would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. However, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 21) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 12, 2017**

UNITED STATES MAGISTRATE JUDGE

5